RICARDO MARRERO-GARCÍA ET AL., Plaintiffs and Appellants, v. HEIRS OF WENCESLAO MARRERO, Defendants and Appellees.

No. 4009.   Argued December 14, 1926.—Decided April 26, 1927.

*Luis Mercader* for the appellants.  *Herminio Miranda* and *G. Cruzado Silva* for the appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Ricardo Marrero and his wife brought an action against the heirs of Wenceslao Marrero consisting of his widow and ten children, some of whom are minors, and prayed the court to adjudge null and void a certain deed of cancellation of mortgage executed by them and to order that the defendants pay the original debt.

The plaintiffs alleged that in 1909 they sold to the ancestor of the defendants, Wenceslao Marrero, two properties for the sum of $2,500, of which Marrero paid $500 in cash and secured the remaining $2,000 by a mortgage on the said properties; that Marrero died in 1912 without having discharged his debt; that in 1916 the plaintiffs were called before notary Cordero Rodríguez, in the name of the heirs of Wenceslao Marrero, to receive the amount of the mortgage and, under a formal promise that their credit would be paid, they signed a deed by which they acknowledged having received payment and consequently canceled the mortgage, but that the heirs failed to keep their promise and, on the contrary, refused to make the payment, alleging that they had paid the obligation as shown by the deed.

The defendants answered by admitting certain allegations of the complaint, but denying the allegation as to the falsity of the deed of cancellation of the mortgage and release which they maintained was the expression of the true facts.

The case went to trial. Both parties introduced evidence and the court, after setting forth in a careful opinion the grounds for its judgment, dismissed the complaint with costs.

The plaintiffs appealed and filed a lengthy and confused brief. It does not contain any assignment of errors separately set out as required by the rules of this court. That would be a sufficient reason for dismissal of the appeal. However, we have considered carefully the pleadings and the evidence and think that no matter how the case may be

viewed, it must be decided against the appellants. It is not even necessary to review the evidence of the defendants. An analysis of that of the plaintiffs is sufficient.

From the complaint it may be deduced that the plaintiffs had been deceived. They introduced in evidence at the trial a private document signed in 1916 by the adult defendants by which they acknowledged owing them $4,500 which they bound themselves to pay in annual instalments of $250 each. The evidence is not consistent with the complaint. It was objected to for that reason. The judge admitted it in order to rule on its final admission when deciding the case. He did not do so, but he did not give it the probative value claimed by the plaintiffs, for he admitted as true the explanation of the defendants, namely, that said document was signed on the same day with the release and cancellation of the mortgage, making to appear therein a simulated debt to enable plaintiff Marrero, who was the father-in-law of the widow of Wenceslao and grandfather of the other defendants, to sue them and attach the properties in case the other creditors of the estate, on learning that said properties had been cleared of the mortgage on them, should claim their credits by legal means.

This evidence is not only fully consistent with the allegations of the complaint, but also with the very testimony of plaintiff Marrero at the trial.

If the theory of the plaintiffs, as stated by their counsel at the trial when submitting the private document in question, is true, then what was done was simply to substitute the obligation to pay $2,000 in annual payments of $500 contracted by the ancestor of the defendants by another to pay $4,500 in annual payments of $250 directly contracted by the defendants. The cancellation was explained. However, plaintiff Marrero tried to show that he had been deceived when signing the deed of cancellation.

It seems proper to point out that there are strong contradictions in the evidence of the plaintiffs. For example,

plaintiff Marrero himself said: ''I signed the deed in the belief that it was the agreement to reduce to $250 . . . . I signed what was read to me. I signed the agreement made with this lady, to reduce the $500 to $250; that is what I signed.'' To the question: ''But the other deed in regard to the payment having been made?'' he answered: ''No, Sir.'' Questioned again: ''Was it not even read to you?'' He answered: ''Nothing.'' While his son, Gumersindo Marrero, called as witness by the plaintiffs testified as follows: ''Q. Were you in your house the day that the deed of release was signed?—I was at home when the notary came. Q. Did you hear the reading of the deed?—The notary himself was present. Q. Did he read it?—Yes, Sir. Q. Did your father sign that deed?—He did.''

But merely admitting for the purposes of this case that the private document could be accepted as evidence, then, why should the deed of release be declared void and the defendants adjudged to pay an obligation in compliance with the original contract, if the document itself shows that the deed of release was genuine and there was no deception, but only the execution of a new contract?

If the private document is genuine, then it appears from the plaintiffs' own evidence that their action is other than the one brought, if the defendants failed to perform the obligation which they imposed on themselves and which the plaintiffs accepted.

But the case went farther. The defendants introduced also their evidence. The widow and one of the adult sons, also a defendant, testified that their predecessor in interest paid a part of the $2,000 before his death and they paid the remainder, the deed of cancellation being the consequence of the payment and not the consequence of a new agreement to discharge the same obligation in a different manner. They explained the execution of the private document, as we have just said.

The trial judge gave full credit to their testimony and

expressly stated that he did not believe that of plaintiff Marrero. Nothing appears from the record to show that he was actuated by passion or prejudice or that he committed manifest error.

On the contrary, everything inclines one to believe the facts as stated by the defendants. Otherwise the conclusion would be that not only the defendants refused to pay an obligation which they had acknowledged in a private document, but that the notary before whom the public deed had been executed had acted in collusion with them in the commission of a real fraud.

The notary did not testify at the trial, but his clerk Heraclio Medina did. He had been in the house of the plaintiffs with the notary and with attorney Edwards. He corroborates in everything the testimony of the defendants.

The defendants introduced also in evidence a certain action of debt brought by plaintiff Marrero himself against them. It was alleged in the complaint that the defendants owed the $2,000 which their predecessor in interest had failed to pay by virtue of the contract which we have already mentioned. No reference was made to the new contract executed by means of a private document. The defendants answered with a denial. The action was ended by virtue of its withdrawal by the plaintiff himself.

The judgment appealed from must be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.